UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN LICONA, JR., | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:13-cv-3599 |
| | § | |
| NATIONAL OILWELL VARCO, L.P., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.     INTRODUCTION**

Pending before the Court is the defendant's, National Oilwell Varco, L.P. (the "defendant"), motion for partial summary judgment.[1]  (Dkt. No. 21).  The plaintiff, John Licona, Jr. (the "plaintiff"), has filed a response in opposition to the defendant's motion for summary judgment.  (Dkt. No. 23).  After having carefully considered the motion, response, the record, undisputed facts, and the applicable law, the Court determines that the defendant's motion for summary judgment should be **GRANTED**.

**II.    FACTUAL BACKGROUND**

The plaintiff began working for Robbins & Meyers, Inc. ("R&M") on August 20, 2012, as an assembly mechanic.  At the onset of his employment, the plaintiff was provided with R&M's Employee Handbook, called the "Employee Welcome Guide," which contained an overview of R&M's policies, specifically including its Drug and Alcohol Use and Drug Testing Policies.  Its Drug and Alcohol Use Policy provided, in relevant part, that "[r]eporting to work

---

[1] On April 22, 2014, the defendant moved to dismiss the plaintiff's criminal claim for obstruction of justice.  (*See* Dkt. No. 20).  On May 20, 2014, this Court entered an Order granting the defendant's motion and dismissing the plaintiff's obstruction of justice claim.  (*See* Dkt. No. 24).  Therefore, the defendant's current motion for partial summary judgment will be treated as a motion for final summary judgment, as it seeks to dispose of the plaintiff's remaining claims.

(including returning to work) or being at work under the influence of alcohol, intoxicants, illegal or unauthorized drugs or narcotics is . . . strictly prohibited." (Dkt. No. 21, Ex. C.). The Drug and Alcohol Use Policy also provided that "[a]ny employee found to be in violation of this policy will be subject to disciplinary action, up to and including immediate termination of employment." *Id.* Further, its Drug Testing Policy provided, in pertinent part, that "[c]urrent employees may be asked to submit to a test for illegal drugs and/or alcohol if the Company has a reasonable, good-faith, objective suspicion that the employee is reporting to work under the influence of alcohol and/or drugs at any time during working hours or at any time on Company premises." *Id.*

Pursuant to an executed "Employee Welcome Guide Receipt and Acknowledgement of Understanding" Form dated August 20, 2012, the plaintiff specifically acknowledged: (1) receipt of R&M's employee handbook as well as a copy of its various policies; (2) that his employment with R&M was on an "at-will employment" basis; (3) that he remained obligated to read and familiarize himself with R&M's policies and practices; and (4) that R&M maintains a drug-free workplace and agreed to abide by its policies prohibiting the use or possession of drugs, alcohol, or any controlled substance and further agreed to submit to any drug testing upon request. (*See* Dkt. No. 21, Ex. B.).

In February of 2013, the defendant acquired R&M, and the plaintiff remained in its employ. Despite the defendant's acquisition of R&M in February, R&M's policies remained in effect through September 2013. (Dkt. No. 21, Ex. A). On July 10, 2013, various employees reported to management that the plaintiff was exhibiting strange behavior. (*Id.*, Ex. A-1). Specifically, they reported that the plaintiff appeared paranoid, unsteady, unbalanced and that his face was flushed with blood shot eyes. *Id.* Based on these and other observations as well as a

reasonable suspicion that the plaintiff may have been under the influence of alcohol and/or drugs, the plaintiff was required to submit to a drug screening on July 10, 2013. After the examination, the plaintiff was suspended with pay pending the results. (Dkt. No. 21, Ex. A.) On July 16, 2013, the defendant was notified that the plaintiff had tested positive for drug use. *Id.* Thereafter, the defendant terminated the plaintiff's employment effective immediately for violation of the company's drug policy.

Following his termination, the plaintiff sought unemployment benefits through the Texas Workforce Commission ("TWC"). In a statement made to the TWC on August 2, 2013, the plaintiff admitted that he had smoked marijuana on July 4, 2013, six days prior to submitting to the defendant's drug screening on July 10, 2013. (*See* Dkt. No. 21, Ex. D.)

Subsequently, on October 21, 2013, the plaintiff instituted the instant action against the defendant in the 157th Judicial District Court of Harris County, Texas alleging claims for wrongful termination, obstruction of justice pursuant to 18 U.S.C. § 1512(c)(1) – (2), and retaliation under The Employee Retirement Income Security Act of 1974 ("ERISA"). On December 9, 2013, the defendant removed the case to this Court on the basis of federal question jurisdiction.[2] On April 22, 2014, the defendant moved to dismiss the plaintiff's criminal claim for obstruction of justice. (*See* Dkt. No. 20). On May 20, 2014, this Court entered an Order granting the defendant's motion and dismissing the plaintiff's obstruction of justice claim. (*See* Dkt. No. 24).

The defendant now moves for a summary judgment on the plaintiff's remaining two claims.

---

[2] Removal was timely in that the defendant was not served with the plaintiff's complaint until November 12, 2013. *See* Dkt. No. 1.

**III.     SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the district court of the basis for its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber*, *Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex*, *Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed.2d 127 (1994)). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."

*Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted).  When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc*., 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)).  Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)).  Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380).  Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52 (1986)).

## IV.  ANALYSIS AND DISCUSSION

### A.  The Plaintiff's Common-Law Claim for Wrongful Termination

The defendant moves for summary judgment on the plaintiff's common-law wrongful termination claim, asserting that the plaintiff's allegations, even when taken as true, fail to state a claim under the Texas common law exception to the at-will employment doctrine.  "Under Texas

law, employment is 'at will, terminable at any time by either party, with or without cause, absent an express agreement to the contrary.' " *Amigo Broad., LP v. Spanish Broad. Sys., Inc.*, 521 F.3d 472, 481 (5th Cir. 2008) (quoting *Fed. Express Corp. v. Dutschmann*, 846 S.W.2d 282, 283 (Tex. 1993)); *see also Cnty. of Dallas v. Wiland*, 216 S.W.3d 344, 347 & n. 5 (Tex. 2007) ("For well over a century, the general rule in this State, as in most American jurisdictions, has been that absent a specific agreement to the contrary, employment may be terminated by the employer or the employee at will, for good cause, bad cause, or no cause at all."). The exception to this Texas common law rule, pronounced in *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733 (Tex. 1985), provides that an employer may not terminate an employee if the sole reason for the discharge or termination is that the employee refused to perform an illegal act. *See Sabine Pilot*, 687 S.W.2d at 735.

In this case, the plaintiff has failed to point to specific facts or other authority supporting an inference that an express employment contract existed between him and the defendant. In fact, the record evidence unequivocally supports a conclusion to the contrary and specifically states that the plaintiff's employment with the defendant and/or its predecessor, R&M, was on an at-will basis and the plaintiff expressly acknowledges the same. (*See* Dkt. No. 21, Ex. B.) Additionally, the plaintiff does not allege nor present any evidence suggesting that his employment with the defendant and/or R&M was terminated because he refused to perform an illegal act. Further, the plaintiff has proffered no competent summary judgment evidence to contest that the stated reasons for his discharge were other than as represented by the defendant.

Instead, he maintains that the defendant terminated his employment for failing a drug screening that was unwarranted and unauthorized in that the defendant lacked the statutory authority to force him to perform the drug screening without his consent. Even assuming the

truthfulness of these allegations, the defendant is entitled to a summary judgment on the plaintiff's wrongful termination claim because the plaintiff has offered no evidence establishing that his employment with the defendant was anything other than at-will or that his discharge occurred in contravention of any company policy that was not made known, published and/or disseminated to employees such as the plaintiff. Therefore, the defendant was free to discharge the plaintiff for any reason or for no reason at all, with or without cause. *See O'Loughlin v. Procon, Inc.*, 627 F. Supp. 675, 678 (E.D. Tex. 1986) ("[T]here being no allegation of a contractual provision preventing the application of the at-will doctrine to this case, nor an allegation that [the p]laintiff was discharged because of his refusal to carry out an illegal act, [the p]laintiff's wrongful discharge cause of action is meritless.")

### B. The Plaintiffs' ERISA Retaliation Claim

The defendant next moves for summary judgment on the plaintiff's ERISA retaliation claim, asserting that the plaintiff's ERISA retaliation claim fails because the plaintiff cannot establish that the defendant discriminated against him with the specific intent to interfere with his ERISA rights. Section 510 of ERISA, provides, in relevant part, that:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan. . . . It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against any person because he has given information or has testified or is about to testify in any inquiry or proceeding relating to this chapter or the Welfare and Pension Plans Disclosure Act.

29 U.S.C. § 1140.

"To sustain a valid § 510 claim, [a plaintiff] must show: (1) prohibited (adverse) employer action (2) taken for the purpose of interfering with the attainment of (3) any right to

which the employee [or plaintiff] is entitled." *Bodine v. Emp'rs Cas. Co.*, 352 F.3d 245, 250 (5th Cir. 2003) (citing *Van Zant v. Todd Shipyards Corp.*, 847 F. Supp. 69, 72 (S.D. Tex. 1994)). The plaintiff, however, need not establish that the discriminatory reason was the sole reason for his discharge, but "must show that the loss of benefits was more than an incidental loss from his discharge." *Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 260 (5th Cir. 2001) (citing *Stafford v. True Temper Sports*, 123 F.3d 291, 295 (5th Cir. 1997) (per curiam)). "This inference of discrimination can be proven by circumstantial evidence." *Id.* Once the plaintiff makes a prima facie showing under Section 510, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse action or discharge. *Stafford*, 123 F.3d at 295. If such a non-discriminatory reason is articulated, the burden shifts back to the plaintiff to prove that the stated reason is a pretext. *Id.* Nonetheless, the Fifth Circuit has reasoned that "where the only evidence that an employer specifically intended to violate ERISA is the employee's lost opportunity to accrue additional benefits, the employee has not put forth evidence sufficient to separate that intent from the myriad of other possible reasons for which an employer might have discharged him." *Clark v. Resistoflex Co.*, *a Div. of Unidynamics Corp.*, 854 F.2d 762, 771 (5th Cir. 1988).

Here, the plaintiff appears to allege that he was retaliated against by the defendant after he complained to upper management about another employee's unlawful actions and mismanagement--namely the employee's actions in modifying his medical insurance plan without his authorization, causing calculations in his pension contributions to deviate from previous amounts and otherwise forcing him to forgo making 401(k) contributions. (*See* Dkt. No. 19 at 4, ¶¶ 10 – 15). He suggests that after informing the defendant of his intentions to file a lawsuit in order to stop such mismanagement, he was retaliated against "under the guise of an

unauthorized drug screen and alcohol breath test." (*Id.*) The defendant, in contrast, contends that the record before this Court does not contain any evidence of its intention to interfere with the plaintiff's ERISA rights or to retaliate against him to prevent him from attaining any benefits to which he would have become entitled to under an employee benefit plan. Additionally, the defendant points to the fact that the plaintiff concedes that the situation regarding the modification of his medical insurance benefits was eventually resolved, further dispelling any possible inference of intent. (*See* Dkt. No. 19 at 10). Moreover, the defendant maintains that even if the plaintiff could establish a prima facie case under Section 510, his claim still fails because he cannot demonstrate that its articulated, legitimate, non-retaliatory reason for his discharge was merely a pretext for retaliation under ERISA. This Court agrees.

The plaintiff has not met his burden of establishing a prima facie case of retaliation under Section 510. Particularly, the plaintiff has failed to point to specific facts which indicate that the defendant's proffered nondiscriminatory reason for discharging him was merely a pretext for retaliation and has failed to adduce evidence from which a reasonable jury could find that in terminating his employment the defendant was motivated by the specific intent to interfere with his ERISA benefits or to otherwise retaliate against him to prevent him from attaining benefits to which he would have become entitled to under any employee benefit plan. Likewise, the temporal proximity between his complaints to upper management and his discharge, without more, is insufficient to raise a genuine issue of material fact with regard to his ERISA retaliation claim. Indeed, based on the plaintiff's *own* admissions to the TWC, he used marijuana on July 4th—a mere six days prior to submitting to drug testing at the defendant's request. Accordingly, the plaintiff has failed to raise a fact issue on his ERISA retaliation claim and the defendant is entitled to judgment as a matter of law on this claim.

## V. CONCLUSION

Based on the foregoing analysis and discussion, the defendant's motion for summary judgment is **GRANTED**.

It is so **ORDERED**.

SIGNED on this 26th day of January, 2015.

_____
Kenneth M. Hoyt
United States District Judge